UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GERMAN GIRALDO,

      Petitioner,

v.                        Case No: 5:12-cv-103-Oc-29PRL

WARDEN, FCC COLEMAN - LOW,

      Respondent.

_____

**OPINION AND ORDER**

This case is before the Court on Petitioner German Giraldo's ("Petitioner's") petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. 1, filed February 23, 2012). Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and is currently housed at the Federal Correctional Complex in Coleman, Florida. Petitioner challenges the execution of his federal sentence, alleging that the BOP failed to award proper prior custody credit against his sentence. Id. Respondent filed a response and supporting exhibits to the petition (Doc. 7). Respondent submits that the petition is without merit because the BOP properly computed Petitioner's sentences and awarded him the proper prior custody credit (Doc. 7 at 3-6). Petitioner filed a reply to the response (Doc. 9).

Petitioner does not proffer any evidence that requires an evidentiary hearing, and the Court finds that the pertinent facts of the case are fully developed in the record. Schriro v. Landrigan,

550 U.S. 465, 474 (2007); Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). For the reasons set forth in this Order, the Court concludes that the petition should be denied.

**I. Background**

On March 19, 1997, Petitioner was arrested by United States Customs and Border Protection (Doc. 7-1, Declaration of John A. Farrar, at ¶ 4; Doc. 7 at 2).[1] Petitioner was released on bond on March 27, 1997, but was re-arrested on March 28, 1997 and has remained in federal custody since that date. Id. On October 29, 1997, Petitioner was sentenced in case number CR97-345(JBW) by the United States District Court of the Eastern District of New York to 46 months in prison for conspiracy to distribute and possession with intent to distribute cocaine ("conspiracy conviction"). Id. at ¶ 5. On August 4, 1999, Petitioner was sentenced in case number CR-97-342(ARR) by the United States District Court for the Eastern District of New York to 20 years in prison for murder in aid of racketeering ("murder conviction"). Id. at ¶ 7. The second sentence was ordered to be served concurrently with the undischarged term of the sentence imposed on October 29, 1997 (Doc. 2 at 13).

Petitioner was awarded 224 days of prior custody credit for time that he spent in custody between March 19, 1997 and October 28,

---

[1] John A. Farrar is a Corrections Program Specialist at the Federal Bureau of Prison's Designation and Sentence Computation Center in Grand Prairie, Texas (Doc. 7-1 at ¶ 1). Respondent has attached Farrar's sworn declaration to the response (Doc. 7-1).

1997, the period before Petitioner's first federal sentence commenced (Doc. 7-1, Farrar Decl. at ¶ 10). The credit was applied against each sentence individually.[2] Id.

Petitioner's first sentence was completed on July 20, 2000 (Doc. 7-1, Farrar Decl. at ¶ 11). Petitioner's current projected release date from his second sentence is July 12, 2016. Id.

**II. Analysis**

Petitioner argues that the 20-year sentence he received for his murder conviction should have been calculated to begin on October 29, 1997, the date his 46-month sentence for the conspiracy conviction was imposed (Doc. 2 at 4-8). In other words, Petitioner argues that <u>both</u> of his federal sentences should have commenced on October 29, 1997. Respondent counters that, because service of the 20-year sentence imposed for Petitioner's murder conviction could not begin until the date on which that sentence was imposed, the 20-year sentence did not begin to run until August 4, 1999 (Doc. 7 at 4-5). Nonetheless, both parties appear to agree that the 20-year sentence ran concurrent to the remaining, or undischarged, portion

---

[2] Because Petitioner's 1999 sentence for murder was imposed pursuant to the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"), BOP policy does not permit the sentence to be aggregated with his 1997 sentence for conspiracy which was imposed pursuant to the Prison Litigation Reform Act of 1995 ("PRLA") (Doc. 7-1, Farrar Decl. at ¶¶ 7,9). Accordingly, the 224 days of prior custody credit was applied to each sentence individually which benefitted Petitioner. Id. at ¶ 10; Doc. 7 at 7. Petitioner does not appear to dispute that he was properly awarded the 224 days of prior credit on his second federal sentence.

- 3 -

of the shorter 46-month sentence imposed in the conspiracy case. Id. The Court agrees with Respondent that Petitioner's sentence was properly calculated.

The BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. United States v. Wilson, 503 U.S. 329, 335 (1992)("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). Title 18 U.S.C. § 3585, governs Petitioner's sentence and provides in pertinent part that:

> (a) Commencement of sentence – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(a)-(b) (emphasis added). Under § 3585(b), the BOP did not have discretion to grant Petitioner sentence credit for the period between October 29, 1997 and August 4, 1999 because he

received credit on his conspiracy sentence for that period, and § 3585(b) expressly prohibits the BOP from granting credit for time "credited against another sentence." 18 U.S.C. § 3585(b).

Petitioner's assertion that the sentencing court intended his second sentence to be "retroactively concurrent" to October 29, 1997 is equally unavailing (Doc. 2 at 3). "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Similarly, Chapter 1.3 of the BOP's Program Statement 5880.28, Sentence Computation Manual, provides that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."

Petitioner was sentenced in two separate and unrelated proceedings. The sentencing court in the second proceeding, Petitioner's murder case, stated that Petitioner was sentenced "for a period of 20 years to run concurrent on all 3 counts and concurrently with the undischaged term of imprisonment imposed by Judge Weistein[.]" Petitioner insists that "concurrent" means "fully or retroactively concurrent" and that the BOP erred by calculating that his murder sentence began on the date it was imposed (Doc. 2; Doc. 9). He comes to this conclusion because, in cases involving an undischarged term of imprisonment on a prior sentence, § 5G1.3(c) of the United States Sentencing Guidelines Manual gives

a sentencing court the option to impose a sentence to run concurrently, partially concurrently, or consecutively to a prior undischarged term of imprisonment "to achieve a reasonable punishment for the instant offense." (Doc. 2 at 4); USSG § 5G1.3(c). Petitioner has not, however, provided the Court with any support for his contention that a sentence set to run concurrently to a prior, partially discharged sentence, means that the later sentence is retroactively calculated to the starting date of the prior sentence. Despite Petitioner's assertions otherwise, the term "concurrent" is not synonymous with "the same starting date." Coloma, 445 F.3d at 1284.

Moreover, the record does not reflect that the Eastern District of New York sought to impose a sentence retroactive to the beginning of Petitioner's first sentence. The district court indicated only that Petitioner's sentence on the murder conviction would run concurrently with the *undischarged* term of his other federal sentence and did not indicate that Petitioner would receive credit for time already spent in custody on another sentence (Doc. 2 at 13); see also United States v. Perez, 151 F. App'x 773, 776 (11th Cir. 2005) (recognizing that any intent by a district court that a sentence be retroactive must be clearly stated by the sentencing court). Thus, Petitioner's 20-year sentence, which was imposed on August 4, 1999, "is not retroactive to" Petitioner's 46–month sentence, which was

imposed twenty-one months earlier, on October 29, 1997. Coloma, 445 F.3d at 1285.

### III. Conclusion

The Court finds that the BOP properly determined that Petitioner's 20-year sentence on the murder case did not commence until August 4, 1999, the date it was pronounced.  Petitioner does not produce any evidence from the record nor cite to any persuasive or binding authority that would bring about a different result. Consequently, the Court finds that Petitioner has not demonstrated that the BOP has unlawfully or incorrectly calculated Petitioner's sentence.

ACCORDINGLY, it is hereby **ORDERED AND ADJUDGED:**

1.   The petition for habeas corpus relief filed by German Giraldo (Doc. 1) is **DENIED**; and

2.   The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___24th___ day of September, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: German Giraldo
Counsel of Record

- 7 -